986 F.2d 1426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Douglas L. CANADY, also known as Douglas Lee Canady,
also known as Doug Canady, individually and as officer,
director & sole shareholder of Interior Services, Inc., a
Colorado corporation, and joint venturer in Viaduct
Associates, and Creative Partners, Colorado joint ventures, Debtor,
Glen K. SANDLIN, Plaintiff,
v.
Douglas L. CANADY, Defendant-Appellee,
David L. Smith, Attorney-Appellant.
 No. 92-1169.
 United States Court of Appeals, Tenth Circuit.
 Feb. 4, 1993.
 Order and judgment vacated, appeal dismissed April 27, 1993;
SEE 993 F2d 1551
 
 Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 David L. Smith, attorney for Glen K. Sandlin, appeals from a judgment affirming in part the bankruptcy court's imposition of monetary sanctions against Smith pursuant to Fed.R.Bankr.P. 9011. He argues that the imposition of sanctions was an abuse of discretion. We disagree and affirm.
 
 
 3
 Sandlin, a former employee of Corporate Interiors, Inc., obtained a judgment against Corporate Interiors for age discrimination. Douglas Canady, also a former employee of Corporate Interiors, acquired certain assets from Corporate Interiors and formed Interior Services, Inc. He was president and sole director and shareholder of Interior Services.
 
 
 4
 Canady then filed a voluntary petition for personal bankruptcy. Sandlin, asserting he was a creditor of Interior Services because it was a successor in interest to Corporate Interiors, commenced an adversary proceeding. He objected to a discharge on the ground that Canady knowingly made a false oath or account by including business debts while excluding business property on his bankruptcy schedule.[1] The bankruptcy court dismissed the claims, then imposed sanctions against Smith pursuant to Rule 9011. The district court upheld the sanction as to the § 727 claim.[2]
 
 
 5
 We review the legal and factual determinations underlying a court's imposition of sanctions under Rule 9011 for abuse of discretion. Lawrence Nat'l Bank v. Edmonds (In re Edmonds), 924 F.2d 176, 181 (10th Cir.1991). The test is one of objective reasonableness: "whether a reasonable attorney admitted to practice before the district court would file such a document." Adamson v. Bowen, 855 F.2d 668, 673 (10th Cir.1988). The attorney must form a reasonable belief that the pleading is " 'well grounded in fact and is warranted by existing law.' " Id. (quoting Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir.1985)).
 
 
 6
 Smith contends he presented a colorable claim that Canady falsely completed his bankruptcy schedule by including a $242,231.07 debt for a secured claim on real property located at 2565 Blake St., Denver, and a $124,002.38 debt for a secured claim on real estate located at 1449 Josephine St., Denver, without listing the fair market value of the property securing the debts as "property." The bankruptcy court concluded that Canady does not own the real estate but rather owns an interest in partnerships that own the property. There was no evidence of what else the partnerships owned or what their debts were. Canady disclosed his ownership interests in the entities and stated that he did not know what their values were. He disclosed his view of the current market value of that property. The court found no evidence that Canady knew the value of his interest in the partnerships, or that the information provided was wrong. It concluded that Canady's scheduling of his interests was correct, and that to claim otherwise was not based on any reasonable view of the law or facts. We find no abuse of discretion in this determination.
 
 
 7
 Canady disclosed on item 1.d. of his Statement of Financial Affairs for Debtor Engaged in Business that he has a 38.75% interest in joint venture Viaduct Associates, which owns 2565 Blake St., and a 30% interest in joint venture Creative Partners, which owns 1449 Josephine St., although he stated elsewhere that legal title may still be partly in his name. He further disclosed that the fair market value of the Blake St. property was approximately $150,000, and the fair market value of the Josephine St. property was approximately $100,000. He stated that the value of his interests in the joint ventures was unknown.
 
 
 8
 While Sandlin's expert witness testified that Canady should have listed the debts on these properties only to the extent of his percentage interest in the joint ventures, he acknowledged
 
 
 9
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. Smith's request for oral argument is DENIED.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 11 U.S.C. § 727(a)(4)(A) provides that a discharge in bankruptcy shall be denied if the debtor "knowingly and fraudulently, in or in connection with the case--made a false oath or account."
 
 
 [2]
 It reversed the bankruptcy court's imposition of sanctions as to another claim not at issue in this appeal